[Sac. No. 4734. In Bank.—February 13, 1934.]

FARM LAND INVESTMENT COMPANY (a Corporation), Appellant, v. H. D. EICH, as Treasurer, etc., Respondent.

[Sac. No. 4735. In Bank.—February 13, 1934.]

FARM LAND INVESTMENT COMPANY (a Corporation) et al., Appellants, v. H. D. EICH, as Treasurer, etc., Respondent.

[Sac. No. 4736. In Bank.—February 13, 1934.]

FARM LAND INVESTMENT COMPANY (a Corporation), Appellant, v. H. D. EICH, as Treasurer, etc., Respondent.

Rich, Weis & Carlin for Appellants.

Snook & Snook & Chase and Erling S. Norby for Respondent.

THOMPSON, J.—The actions entitled as above were commenced by the owners of different parcels of land in Reclamation District No. 784 to enjoin the defendant as Treasurer of the County of Yuba and as trustee of the Bond Fund of the Reclamation District from selling the property and issuing deeds by himself, as trustee, to purchasers after default by the plaintiffs in the payment of installments of assessment on the land. Altogether there were 480 causes of action set forth in the three complaints. The basis of each complaint was that the defendant had estimated the sum necessary to pay that portion of the principal falling due on January 1, 1930, and the interest due at the same time, at too high an amount. To understand the contentions it is necessary to note that, in the year 1920, an assessment was levied against the land in the district for a total of $897,427.39. Bonds aggregating $834,000 were sold. On January 1, 1930, $90,000 of the principal became due and interest in the sum of $25,020. Concededly the defendant calculated those sums correctly. However, he then added to the total of these two amounts fifteen per cent thereof to cover possible delinquencies, making altogether $132,273. He then took a rate of fifteen cents per hundred, which totaled $601.66 greater than the sum of $132,273.

It was also claimed that on October 1, 1929 (the date on which the estimate was computed), there was in the bond fund of the district $4,490.24, no part of which was taken into consideration in arriving at the sum to be raised by the levy.

The trial court found that defendant's estimate was excessive in the amount of $601.66, or, in other words, that he should have taken the exact rate instead of conveniently fixing it at fifteen cents per hundred. By the judgment the court declared the certificates of sale which the defendant, as treasurer and trustee, had made and executed in favor of himself as trustee, to be irregular and void, but the court estimated the correct amount due from each parcel of land, and provided that unless the respective plaintiffs should, within twenty days from the date of the judgment, pay the amount thus fixed no injunction would issue. The plaintiffs prosecute this appeal and contend that they were

entitled to an injunction without being required to pay the amounts fixed by the court.

■ The effect of the judgment in each action is to declare that the certificates of sale were "irregular and void and of no effect" and to adjudge that they "be set aside and canceled". It was further decreed that the defendant either as treasurer or as trustee of the Bond Fund had no "right, title or interest" in any of the parcels of land, except that, on December 30, 1929, there was due to the defendant as treasurer of the county the proportionate shares of the entire outstanding assessment which was secured by a direct, valid and subsisting lien upon the respective parcels of real property. The fact that the court further ordered the plaintiffs to pay their respective portions of the amount found to be due as a condition precedent to the injunction deserves little or no consideration at this time in view of the outcome of a proceeding which is called to our attention by both appellants and respondent, the record of which is before us, and the substance of which we will now narrate.

Julia Adams Balding and E. M. Price, holders of bonds which represent a portion of the assessment here involved, filed their petition for a writ of mandate asking that H. D. Eich as treasurer of the County of Yuba be directed and compelled to estimate the sum of principal due on January 1, 1930, January 1, 1931, and January 1, 1932, together with all interest accrued and to proceed with a call of assessment and sale thereunder. The peremptory writ was granted February 6, 1932. (See *Balding* v. *Eich*, 120 Cal. App. 491 [7 Pac. (2d) 1073].) The record shows (an order confirming the respondent's proceedings under the writ having been made) that the directions of the court were performed.

In the course of the opinion in the case, after referring to the estimates made by the respondent on October 1, 1929, here involved, and in subsequent years, the District Court of Appeal said: "It further appears from the petition that in the making of various estimates of the moneys necessary to pay the maturing bonds and the interest upon the outstanding bonds, as hereinbefore referred to, the respondent erred in adding to his estimates the costs and expenses of publishing the notices referred to, and that proceedings have been taken and had in the Superior Court of Yuba

County by certain land owners whose lands were subject to assessment, contesting the validity of the calls hereinbefore referred to, and that judgments have been entered to the effect that the calls referred to are and were invalid by reason. of the errors in the estimates, and that the sale of lands thereafter had by reason of the failure of land owners to pay their assessments under the calls referred to herein, are ineffective.

"It further appears that while a few of the land owners owning lands in said reclamation district have paid the assessment levied upon their lands, a large number have allowed the assessments to go delinquent, and by reason of the fact that the estimates, calls and sales on account of delinquencies, are each and all ineffective for the reasons stated, nothing is being paid, and nothing is being collected by the respondent as trustee of the bond fund of said district, nor is any action being taken by him to enforce payment, or to make a valid sale of the lands and premises situated within the exterior boundaries of said district and subject to such payments on account of delinquencies in making such payments."

It is apparent that the court construed the judgment in the instant case to mean that the certificates of sale were void and ineffective for any purpose. Under the circumstances we can see no reason for not adhering to the same opinion and many reasons why we should. First of all, as we have already indicated, the judgment plainly declares them to be void and adjudges that they are canceled. Again, a new estimate and call having been made and presumably new certificates of sale having been issued, it would lead to great confusion and uncertainty to construe the judgment to mean that the certificates were not to be declared void unless payment was made by the land owners. With such an interpretation of the judgment the appellants have nothing of which to complain. Therefore the judgment should be and it is affirmed.

Shenk, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.